Andrew SORLIEN and Anne Sorlien,
Plaintiffs and Respondents,

v.

NORTH DAKOTA WORKMEN'S COMPEN-
SATION BUREAU, Defendant and
Appellant.

No. 7578.

Supreme Court of North Dakota.

Aug. 9, 1957.

P. M. Sand, Asst. Atty. Gen., for defendant and appellant.

Robert Wallin, Hettinger, for plaintiffs and respondents.

BURKE, Justice.

This appeal concerns a claim of the respondents for Old Age and Survivor's Insurance benefits under Chapter 52–09, NDRC 1953 Supp. Although some arrangements had to be made for past due contributions to the insurance fund, we may, for the purposes of this appeal, consider that the respondent, Andrew Sorlien, was a fully insured individual under Chapter 52–09, supra, in May 1951. At that time he was 70 years of age and his wife, Anne Sorlien, was 68 years old. In that month Andrew Sorlien retired from his regular employment. In March 1954, he filed an application for benefits under the act for himself and his wife, with the Workmen's Compensation Bureau. The Bureau allowed the claim and ordered that such payments should commence with the month in which the application was filed. The respondents appealed from the order allowing the claim to the District Court of Bowman County. It was respondents' contention that payments under the claim should be retroactive to May 1951, the date of Andrew Sorlien's retirement. Upon the appeal the district court sustained the respondents' contention and judgment to that effect was entered. The Workmen's Compensation Bureau has appealed from the judgment.

Decision in this case requires a construction of Section 52–0914(A) NDRC 1953 Supp. This section is as follows:

"Every individual, who (1) is a fully insured individual as defined in section 20 (52–0920) (F) after June 30, 1947, (2) has attained the age of sixty-five (65), and (3) has filed application for primary insurance benefits, shall be entitled to receive a primary insurance benefit (as defined in section 20 (52–0920) (D)) for each month, beginning with the month in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies."

The appellant contends that, under the foregoing provisions, the month in which an insured individual becomes entitled to insurance is the month in which the last of the three requirements for the payment of insurance has been met. That is to say: that the order in which the requirements are met is immaterial, but when all three have been met, the insured individual becomes entitled to payments beginning with the month in which the last requirement was met.

The respondent urges that an insured individual becomes entitled to payment upon attaining the age of 65 years; that the application is merely a means of asserting his claim and that upon the allowance of the application, whenever filed, he becomes entitled to payments beginning with the date of retirement.

A consideration of other subdivisions of Section 52–0914 we believe will be helpful to a construction of subsection A thereof. Subsection (B) provides for the payment of benefits to wives who are not entitled to primary insurance benefits. Subsection (C) provides for the payments of benefits to children. Subsections (D) and (E) provide for payments to widows and Subsection (F) provides for payments to parents. Subsection (H) provides:

"An individual who would have been entitled to a benefit under subsection (B), (C), (D), (E), or (F) for any month had he filed application therefor prior to the end of such month, shall be entitled to such benefit for such month if he files application therefor prior to the end of the third month immediately succeeding such month."

The meaning of subsection (H) is too clear to admit of any controversy. It relates to benefits payable to dependents of insured individuals. Its clear implication is that the filing of an application for benefits is a prerequisite to becoming entitled to such benefits. It, however, provides that, as to the classes of dependents

mentioned, payments may be made retroactive for a period of not to exceed three months prior to the filing of the application.

It would seem that a proper construction of the entire section would be that those claiming primary benefits would not be entitled to such benefits for any month prior to the month in which the application for such benefits was filed, but that those claiming as dependents might receive payments beginning three months prior to the month in which the application was filed.

Respondents seek to avoid this construction by saying that subsection (H) is restrictive; that dependents are less favored beneficiaries of the insurance than are the insured persons themselves; that their applications may be given a retroactive effect for a period of three months only, but that as to insured persons there is no limitation whatever.

The construction asked for by respondents is not that which was placed upon the Federal Old Age and Survivors Insurance Act at the time it was enacted in 1939. This act was the model for the North Dakota Act. It is found in U. S. Statutes at Large, Vol. 53, part 2 at pages 1363 to 1367, 42 U.S.C.A. § 402.

Section 202(a) of this act provides:

"Every individual, who (1) is a fully insured individual (as defined in section 209(g)) after December 31, 1939, (2) has attained the age of sixty-five, and (3) has filed application for primary insurance benefits, shall be entitled to receive a primary insurance benefit (as defined in section 209(e)) for each month, beginning with the month in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies."

A comparison shows that the foregoing section is, with the exception of dates and

references, identical with Section 52–0914 (A) NDRC 1953 Supp.

At the time the federal act was under consideration in the U. S. Senate, the committee to which the bill was referred filed a report which analyzed and construed the several sections of the bill as an aid to senatorial action. This report is found in Senate Reports No. 793, 76th Congress, 1st Session, Report No. 734, page 42. Referring to Section 202(a) which is comparable to our Section 52–0914 (A) this report stated:

"This subsection provides, for aged individuals, monthly 'primary insurance benefits' (computed under Sec. 209 (e)), which are based on an individuals 'average monthly wage' (see Sec. 209 (f)). These benefits are payable to an individual for each month until his death upon condition that he (1) is at least 65 years of age, (2) is a fully insured individual (defined in Section 209(g)), and (3) has applied for them. Primary insurance benefits are payable beginning with the first month in which the individual becomes eligible for them, *having met conditions (1), (2) and (3) above*. All of such conditions may be met in a single month, or part in one month and part in another month or months." (Emphasis supplied.)

Referring to Section 202(h) which, (with the exception of references) is identical with our Section 59–0914(H), this report stated:

"This subsection provides that an individual who would have been entitled to an insurance benefit under subsection (b), (c), (d), (e) or (f) of this section for any month, if he had filed his application for such benefit during such month, shall be entitled to such benefit for such month if he filed application for it before the end of the third month immediately succeeding

such month. The purpose of this section is to prevent the loss of benefits to individuals who might not know of their right to benefits, or who for some other reason, have delayed filing their applications. * * *."

This report makes it clear that the construction placed upon the federal law by the committee was that persons entitled to primary benefits would not be entitled to the payment of any such benefits for any month prior to the month in which the application for benefits had been filed and that subsection (h) of Section 202 was not a restriction, but an enlargement giving special consideration to the claims of dependents, who would be less likely to be aware of their rights than would the insured individuals. Presumably such was the intent of Congress when it enacted the law after a consideration of the report.

This identical construction was adopted, immediately after the passage of the federal act, by the Social Security Board. In its official publication, Social Security Bulletin, Vol. 2, Number 12, December 1939, at page 14 we find the following:

"Beneficiaries *other than primary insurance beneficiaries* may become entitled to retroactive benefit payments for any month in which all of the requirements for entitlement except the filing of an application are satisfied, by filing an application prior to the end of the third succeeding month. Therefore, a person otherwise entitled to benefit payments, *other than one entitled to primary benefits* can suffer loss by delaying the filing of an application as much as three months only if he dies in the interim." (Emphasis supplied.)

■ Reports of Legislative Committees (82 C.J.S. Statutes § 356, p. 755) and contemporaneous administrative construction (82 C.J.S. Statutes § 359, p. 761), may be considered and given weight in construing ambiguous statutes.

■ Upon consideration of the language of the federal act and the construction placed thereon by the Senate Committee and the Social Security Board, we are satisfied that this act provides that benefit payments to those entitled to primary benefits commence with the month in which an applicant has satisfied all three requirements therefor, including the filing of an application.

■■ The federal act had been in operation under the administrative construction above set forth for seven years prior to the enactment of the North Dakota Act. Quite obviously the federal law was the model followed in drafting our law. Its object was to provide a like system of social security for public employees who were not covered by the federal act. It is a recognized rule of construction that state statutes should be construed to harmonize with federal legislation on the same subject. 82 C.J.S. Statutes § 366, p. 813; Mizer v. Kansas Bostwick Irr. Dist. No. 2, 172 Kan. 157, 239 P.2d 370; State ex rel. Public Welfare Commission v. County Court of Malheur County, 185 Or. 392, 203 P.2d 305.

We are therefore of the opinion that the North Dakota statute should be construed in accordance with the construction that has been placed on the federal act. It follows that the construction of Section 52–0914(A) to the effect that an applicant for primary benefits under the act may not receive payment of benefits for any month prior to the month in which he filed application for such benefits is the correct construction.

■ The respondent, Anne Sorlien, as the wife of Andrew Sorlien did not under the provisions of Section 52–0914(B) become entitled to any benefits until such time as her husband had qualified for benefits.

It follows that the original order made by the Workmen's Compensation Bureau in this case was in accordance with law.

The judgment of the district court setting this order aside is therefore reversed.

GRIMSON, C. J., and BURKE, JOHNSON, SATHRE and MORRIS, JJ., concur.